IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff / Respondent, ) | |
| ) | |
| v. ) | Case No. 07-20072-02-JWL |
| ) | Case No. 18-2086-JWL |
| FRANKIE ESTRADA, ) | |
| ) | |
| Defendant / Petitioner. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Frankie Estrada's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 634). For the reasons set forth below, the petition is **dismissed in part for lack of jurisdiction and denied in part**. The petition is dismissed for lack of jurisdiction with respect to the issue of the proper calculation of his time served. The petition is denied with respect to the issue of the Court's imposition of consecutive sentences.[1]

### **I.    Background**

Defendant pleaded guilty to two offenses, and on February 12, 2010, the Court issued its judgment, which included a sentence of 170 months' imprisonment. On June 22,

---

[1] Because the petition and records of this case show conclusively that defendant is not entitled to relief, the Court need not conduct a hearing. *See* 28 U.S.C. § 2255(b).

2015, the Court reduced that sentence to a term of 152 months pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2).  At the time of defendants' original sentencing, the presentence report, to which neither party objected and which the court adopted in full, noted that defendant was on parole from a Missouri state-court conviction at the time he committed his federal offenses, that that parole had been revoked at some point, and that he was discharged from his Missouri sentence on January 9, 2009.

Through counsel, defendant has now filed a Section 2255 petition.  Defendant claims that he was originally scheduled for release in August 2017; that the Bureau of Prisons (BOP) then decided that defendant would not be given credit for time spent in federal custody from August 14, 2007, to January 9, 2009, on the basis that he was serving his Missouri sentence during that time; and that the BOP has now set defendant's release date for January 22, 2020.  Defendant argues that he should receive federal credit for that period, and he seeks an order to that effect.  Defendant alternatively argues that the Court should modify his original sentence to provide that his federal sentence runs concurrently with his Missouri sentence.

## II.     Jurisdiction – Calculation of Time Served

Records show that defendant was returned to Missouri custody on June 14, 2007, because of a parole violation.  He was then taken into federal custody on August 14, 2007. Records further show that according to Missouri officials, defendant was discharged from his Missouri sentence on January 9, 2009.  On that basis, the BOP decided that defendant was still serving his Missouri sentence between August 14, 2007, and January 9, 2009, and

that he therefore does not receive credit against his federal sentence for that period. Defendant argues that there is no evidence that his Missouri probation was in fact revoked in 2007, and he therefore challenges the BOP's decision concerning the calculation of his federal time served.

The Court agrees with the Government, however, that the Court lacks jurisdiction to consider this claim for relief.[2]  First, as the Government points out, this challenge to the BOP's calculation of defendant's time served must be made in a petition pursuant to 28 U.S.C. § 2241.  *See Setser v. United States*, 566 U.S. 231, 244 (2012) (if administrative challenge to BOP's decision concerning credit for time served on a state-court conviction does not succeed, defendant may seek a writ of habeas corpus pursuant to Section 2241); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) (a Section 2255 petition attacks the validity of a conviction and sentence, while a Section 2241 petition attacks the execution of the sentence, including the fact or duration of confinement).  Thus, defendant improperly seeks this relief pursuant to Section 2255.

Second, even if the Court were to construe this claim as asserted pursuant to Section 2241, defendant has not sought this relief from the correct court.  Although a Section 2255 petition is filed with the court that imposed the sentence, a Section 2241 petition must be filed in the district of the defendant's confinement.  *See Bradshaw v. Story*, 86 F.3d 164,

---

[2] The Government also argues that defendant failed to exhaust his administrative remedies with respect to this claim. Defendant provided evidence that his counsel did raise this issue with BOP officials, who rejected counsel's argument, and the Government has not explained why that appeal by counsel does not satisfy any exhaustion requirement. The Court therefore rejects this argument by the Government.

3

166 (10th Cir. 1996). The Government has provided evidence that defendant is confined in Florida, outside this district. In his reply brief, defendant has not addressed this issue and thus does not dispute that he has asserted this claim in the wrong court. Accordingly, because defendant is not confined in this district, the Court lacks jurisdiction to afford the relief requested concerning the execution of defendant's sentence and the calculation of his release date, and this portion of defendant's petition is therefore dismissed.

### III.     Consecutive Sentences

Seemingly in the alternative, defendant also argues that the Court should order that his federal sentence runs concurrently with his Missouri sentence that expired in 2009. Because this issue relates to the terms of defendant's actual sentence, the Court concludes that this claim is properly raised pursuant to Section 2255. *See, e.g.*, *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (defendant's petition was a hybrid of a Section 2241 petition and a Section 2254 petition, as one portion attacked the fact and duration of his confinement and one portion attacked the validity of his sentence).

Nevertheless, defendant has not shown that he is entitled to the relief requested. As an initial matter, the Court notes that because its 2010 judgment was silent concerning whether the federal sentence would run concurrently or consecutively with defendant's Missouri sentence, the sentences are deemed to run consecutively. *See* 18 U.S.C. § 3584(a). Defendant argues that the Court, applying the relevant factors at this time, should order that the sentences run concurrently. Defendant has not provided any basis that would allow the Court to make such a determination at this time, however. Defendant has asserted

this claim pursuant to Section 2255, which entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *See* 28 U.S.C. § 2255(b).  Defendant has not explained why the imposition of consecutive sentences in 2010---or the failure to impose concurrent sentences at that time---was unlawful.  Accordingly, the Court denies defendant's petition as it relates to the terms of his sentence.

### IV.     **Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]  To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  Because it is clear that defendant is not entitled to relief, the Court denies a certificate of appealability in this case.

---

[3] [1]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 634) is hereby **dismissed in part for lack of jurisdiction and denied in part**.  The petition is dismissed for lack of jurisdiction with respect to the issue of the proper calculation of his time served.  The petition is denied with respect to the issue of the Court's imposition of consecutive sentences.

IT IS SO ORDERED.

Dated this 7th day of May, 2018, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
